## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD VILLANOVA and KAREN VILLANOVA<br>　　　　　Plaintiffs,<br><br>v.<br><br>MERCK SHARP & DOHME CORP. f/k/a MERCK & CO., INC., MERCK SHARP & DOHME CORP. f/k/a MERCK HUMAN HEALTH DIVISION, U.S. HUMAN HEALTH, JONES LANG LASALLE AMERICAS, INC. d/b/a JONES LANG LASALLE and JLL, JONES LANG LASALLE - NORTHEAST, INC. d/b/a JONES LANG LASALLE and JLL, JONES LANG LASALLE OF PENNSYLVANIA, INC. d/b/a JONES LANG LASALLE and JLL, JONES LANG LASALLE IP INC. d/b/a LABWELL, JOHN DOE, INC. NO. 1 and JOHN DOE, NO.2<br>　　　　　Defendants. | CIVIL ACTION<br><br>NO.: 20-CV- 06244 |

## STIPULATED CONFIDENTIALITY ORDER

Plaintiffs, Leonard Villanova and Karen Villanova ("Plaintiffs"), and Defendant, Merck, Sharp & Dohme Corp. f/k/a Merck & Company, Inc. ("Merck"), have taken and anticipate taking discovery in the above-captioned matter (the "Action"), which includes Merck's production of documents and other materials that may contain or reveal confidential or proprietary information, including but not limited to information relating to Merck's corporate structure, ownership, financial data, or pertaining to (a) its technical know-how and intellectual property; (b) trade secrets, know-how, or proprietary data, business, or commercial information; (c) non-publicly available financial information; or (d) other information that is not otherwise publicly available, the disclosure of which may or is likely to cause harm to its competitive position (hereinafter collectively referred to as "Confidential Information").

Plaintiffs and Merck (each a "Party" and together the "Parties") wish to ensure the confidentiality and protection of Confidential Information that may be disclosed during the course of discovery and trial, without conceding any issues in this litigation regarding ownership of technical know-how and intellectual property or other matters regarding what the producing party reasonably and in good faith designates as Confidential Information.

Accordingly, the Parties jointly stipulate to this Stipulated Confidentiality Order as follows:

1. **Confidential Information.** Except with the prior written consent of the party or other person originally designating a document or media to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped "confidential" document or stamped "attorney's-eyes-only" document may be disclosed to any person, excepting as specifically provided for hereunder. Confidential information shall be designated by a Party as either "Confidential" by marking any information or document (whether in hard copy or computer readable form), CD, or other device containing the information, thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (as explained below). Designations of "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the producing Party, there is an objectively reasonable and good faith basis for such designation and disclosure of such information to persons other than those permitted access to such material hereunder would or would likely cause injury to the producing Party. The inadvertent failure to so designate information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" does not constitute a waiver of such claim, and the producing

2

Party may so designate such material as subject to the protections of this Stipulated Confidentiality Order.

(a)  "CONFIDENTIAL" means, non-public information in oral or written form that the proprietor treats as proprietary information that concerns or relates to the technical, business, financial, or related information of a party, including but not limited to maps, drawings, designs, specifications, trade secrets, research, patents, formulas, processes, prices, costs, financial records, pricing information, know-how, the identity of vendors and the identity of customers of the party, and any contract terms, the disclosure of which is likely to harm, or have the tendency to harm, the competitive position of the party from whom the information was obtained or the disclosure would violate an obligation of confidentiality owed to a third person, including another Court.

(b)  "ATTORNEY EYES ONLY" means any stamped CONFIDENTIAL information containing documents (and the information contained therein) which also bears the legend "attorney's-eyes-only", to signify that it contains information believed to be subject to exceptional protection.

2.  **Depositions.**  Confidential Information may be used or marked as exhibits in depositions but shall remain subject to this Stipulated Confidentiality Order.

3.  **Authorized and Unauthorized Uses of Confidential Information.**  The receiving Parties and any Qualified Person (as defined in Section 4 below) are responsible for safeguarding all produced materials and information contained therein. Confidential Information shall be kept confidential, shall not be used or disseminated, directly or indirectly, by the receiving Party or any other Qualified Person for any purpose other than in the context of this Action in accordance with the provisions of this Stipulated Confidentiality Order absent prior express written consent of

3

counsel for the producing Party or Court order. Access to and disclosure of Confidential Information shall be limited to those persons designated as Qualified Persons in paragraph 4 below.

Nothing herein shall prevent the producing Party from publicly disclosing any of the Confidential Information as it deems appropriate.

4. **Qualified Persons.** The Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

(a) Parties and Parties' counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel and the Parties' insurer(s) (if any) who need to review such information solely in this Action;

(b) Counsel for any other person or entity named as a defendant in this Action and their clerical, technical, paralegal, and secretarial staff employed or retained by them, as well as the insurer(s) for the other named defendant being represented by such counsel (if any) who need to review such information solely in this Action, subject to the procedure described in paragraph 5 for Qualified Persons wishing to gain access to the Confidential Information.

(c) Experts, non-attorney consultants, and case-specific medical providers ("consultants") whose assistance is necessary to assist the Parties' counsel of record in the context of this Action, or to testify in this Action provided any such persons follow the procedure described in paragraph 5 below;

(d) A deponent or a witness in this Action, provided there is a reasonable basis to believe the disclosure is necessary to prepare the witness or that the witness will give relevant testimony regarding the Confidential Information. If the receiving Party or its counsel wishes to show the Confidential Information to a deponent or witness in preparation for a deposition, hearing, or trial in this Action, they must follow the procedure described in paragraph 5 for

4

Qualified Persons before providing access to the Confidential Information. If the receiving Party or its counsel wishes to disclose Confidential Information to a deponent or witness in this Action under this provision, reasonable notice and an opportunity to object must be afforded to the producing Party. If the disclosure is at a deposition, hearing, or trial, notice may be given verbally at the deposition, hearing, or trial;

(e) The Court or any Court personnel, including court reporters, and the jury in this Action;

(f) A person identified in any such document as a subject of the communication, or having authored or previously received the document;

(g) Court reporters, stenographers, and/or videographers at depositions; and

(h) Any person mutually agreed upon in writing by the producing Party.

5. **Qualified Persons Bound by Order.** Before being given access to any of the Confidential Information, each Qualified Person, other than those witnesses who are shown the documents at a trial, deposition, or hearing as identified in paragraph 4(d) and persons identified in paragraph 4(e), shall be advised of the terms of this Stipulated Confidentiality Order, shall be given a copy of this Stipulated Confidentiality Order, and shall agree in writing to be bound by the terms of this Stipulated Confidentiality Order by signing a copy of the attached Acknowledgment (Exhibit "A"). Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any of the Confidential Information, which list shall be available for inspection by the Court. Nothing in this paragraph shall be construed to require Plaintiffs to obtain an executed Acknowledgment from any party not under their express, direct control ("Third Parties"), nor shall the failure to obtain any such Acknowledgment from Third Parties delay the production of Confidential Information to Plaintiffs. Notwithstanding the foregoing, the Parties

agree that any Qualified Person is deemed to be under the control of the Party that retains, consults or otherwise utilizes the Qualified Person.

6. **Non-Disclosure to Competitors.** In no event shall any disclosure of the Confidential Information be made to any person or entity unrelated to this Action or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of the producing Party irrespective of whether they are retained as a consultant or expert of the receiving Party in this Action.

7. **Use of Confidential Information at Trial.** Confidential Information may be disclosed in testimony at the trial of this Action or in other proceedings in this matter, subject to the rules of evidence and to such further orders this Court may enter.

8. **No Waiver of Privilege.** This Stipulated Confidentiality Order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable legal privilege. Inadvertent production of confidential documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. The Party discovering the inadvertent production shall promptly notify the receiving Party in writing when it becomes aware of such inadvertent production. Within five (5) business days of receiving such notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.

9. **Stipulated Confidentiality Order Survives Termination of Action.** This Stipulated Confidentiality Order shall remain in full force and effect and survive the entry of any

other Stipulated Confidentiality Order resulting in termination of this Action, unless this Stipulated Confidentiality Order is expressly modified or vacated by the Court, with all Parties having had notice and an opportunity to be heard.

**10.  Disposition of Confidential Information.** Within sixty (60) days after the final conclusion of this Action and all related proceedings, and to the extent permitted by law, the Parties and their counsel shall either return or destroy the Confidential Information, including copies, extracts, and summaries thereof.

**11.  Court Ordered Disclosure.** The Court shall retain the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**12.  Court Retains Jurisdiction.** The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 4 to receive the Confidential Information for the limited purpose of enforcing the continuing obligations of confidentiality imposed by this Stipulated Confidentiality Order.

**13.  Subpoena by Other Courts or Agencies.** If a Party or any other Qualified Person receives a discovery request, subpoena, or other process seeking disclosure of the Confidential Information, the Party shall immediately notify, via email, counsel for the producing Party that such a request has been made and shall provide that Party with an opportunity to file a Motion for a Protective Order or take other appropriate action prior to producing the requested information or documents. The producing Party shall then have twenty (20) days to file an appropriate motion objecting to the production of the requested information or documents.

14. **Modification Permitted.** Nothing contained in this Stipulated Confidentiality Order shall prejudice the right of any Party to seek modification or amendment of this Stipulated Confidentiality Order by further Court order, upon motion and notice.

15. **"CONFIDENTIAL" Designation Challenge.** The Parties may challenge the "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" designation placed upon any document or information by first meeting and conferring in good faith with the Party against whom such a challenge is asserted. If those efforts are unsuccessful, the Party challenging the designation may file a motion consistent with Local Court Rules. Any such motion shall provide the opposing Party with at least fourteen (14) days advance notice and an opportunity to oppose or respond to the motion. The Stipulated Confidentiality Order shall not be construed to extend any greater confidentiality protection to documents or information than they would otherwise be entitled to under applicable law.

16. **Notice to Counsel of Record.** A copy of this Stipulated Confidentiality Order was forwarded to all counsel of record by letter on March 3, 2020 with the indication that anyone wishing to object to its terms and conditions must notify the undersigned counsel for the Parties of such objection, in writing, within ten (10) days or be barred from doing so. No such objections have been received by the undersigned counsel.

STIPULATED and AGREED TO on this 5th day of March, 2021 by:

**STAMPONE, O'BRIEN, DILSHEIMER LAW**

By: _____
James B. Dilsheimer, Esquire
Counsel for Plaintiffs

**GIBLEY AND McWILLIAMS, P.C.**

By: _____
Frank W. Baer, Esquire
Counsel for Jones Lang LaSalle
Americas, Inc. and Merck Sharp
& Dohme Corp.

**IT IS SO ORDERED.**

Dated: _____    _____

# Exhibit "A"

## ACKNOWLEDGMENT

I certify that I have read and understood the Stipulated Confidentiality Order entered in this matter and agree to be bound by the terms thereof, and that I agree not to disclose any Confidential Information to any person other than as permitted by the Stipulated Confidentiality Order.

I further consent to the exercise of personal jurisdiction by the Court in any proceeding to enforce the Stipulated Confidentiality Order.

Dated this _____ day of _____, 2021.

_____
Signature

_____
Printed Name

_____
Attorney Identification Number (*if applicable*)

_____
Employer / Firm Name (*if applicable*)

_____
Address

_____
City and State

_____
Telephone Number

_____
Named Defendant(s) (*if applicable*)